NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIBIN ZHANG, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-72255 <br><br> Agency No. <br> A096-253-567 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,*** District
Judge.

Petitioner Zhibin Zhang, a native and citizen of the People's Republic of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

China, seeks review of a Board of Immigration Appeals (BIA) decision affirming the decision of an immigration judge (IJ) denying his application for asylum.[1]  Our jurisdiction rests on 8 U.S.C. § 1252.

"[W]hen 'the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA.'"  *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (quoting *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004)).  We review factual findings, including adverse credibility determinations, for substantial evidence.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  "Under the substantial evidence test, we must uphold the IJ's findings, 'if supported by reasonable, substantial and probative evidence on the record considered as a whole.'"  *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (quoting *Elias-Zacarias*, 502 U.S. at 481).  In pre-REAL ID Act cases, such as this one, the reasons relied upon to support an adverse credibility determination must "strike at the heart of" the petitioner's claim.  *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

In adopting the IJ's decision, the BIA concluded that Zhang failed to present credible evidence that his sterilization was involuntary.  While "[w]e do not accept blindly an IJ's conclusion that a petitioner is not credible," the record makes

---

[1] The IJ also denied Zhang's claims for withholding of removal and protection under the Convention Against Torture, but he forfeited these claims by failing to brief them to the BIA.

apparent that "the reasoning employed by the IJ" was not "fatally flawed" and, consequently, does not warrant reversal. *Aguilera-Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir. 1990). The IJ properly found that the "heart" of Zhang's application expanded beyond the purported sterilization to encompass his claims regarding his wife's pregnancy, that his wife was required to endure the insertion of a second IUD following her second but illicit pregnancy, and the resulting fines Zhang was forced to pay and how the payment of those fines was continually demanded by local Chinese government officials. The IJ carefully differentiated between, on the one hand, the inconsistencies he found to be minor and likely caused by the passage of time, and on the other hand, the inconsistencies that struck at the heart of Zhang's forced sterilization claim and led to the adverse credibility finding.

In sum, the IJ identified "specific, cogent reason[s]" for the adverse credibility finding, *Turcios v. INS,* 821 F.2d 1396, 1399 (9th Cir. 1987), which struck at the heart of Zhang's claim. The adverse credibility finding made against Zhang by the IJ and BIA is supported by substantial evidence, and, in the absence of other evidence, the BIA did not err in affirming the IJ's rejection of Zhang's application.

**PETITION DENIED.**